NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BAOZHEN GONG; ZHENXIA WANG,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-70367

Agency Nos.    A206-336-784
A206-336-785

MEMORANDUM\*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022\*\*

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Baozhen Gong and Zhenxia Wang, natives and citizens of China, petition

pro se for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's ("IJ") decision denying their application for

asylum, and Gong's applications for withholding of removal and protection under

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Gong's testimony as to the severity of harm suffered, his compliance with police reporting requirements, family in the United States, his religious practice, and his demeanor. *See id.* at 1048 (adverse credibility determination reasonable under the "totality of the circumstances"); *see also Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1093 (9th Cir. 2021) (agency can afford substantial weight to inconsistencies that bear directly on petitioner's claim of persecution); *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (agency's demeanor finding supported where IJ provided "specific, first-hand observations"). Gong's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, petitioners' asylum claim and Gong's withholding of removal claim fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

In light of this disposition, we do not reach petitioners' remaining contentions regarding the merits of their asylum and withholding of removal

16-70367

claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Substantial evidence also supports the agency's denial of Gong's CAT claim because it was based on the same evidence found not credible, and he does not point to any other record evidence that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

We do not consider the materials petitioners reference in their opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**